**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1797**

———————

MARTA GEZAHEGN TABOR,

                                           Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                           Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-925-267)

———————

Submitted:  January 31, 2007        Decided:  February 21, 2007

———————

Before KING, GREGORY, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Aragaw Mehari, Washington, D.C., for Petitioner.  Rod J.
Rosenstein, United States Attorney, James A. Frederick, Assistant
United States Attorney, Baltimore, Maryland, for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marta Gezahegn Tabor, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Tabor claims the evidence supports her applications for relief. We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if

supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find the immigration judge's adverse credibility finding to be supported by the record. Therefore, the evidence does not compel a different result with respect to Tabor's applications for asylum and withholding from removal. We further find no evidence supporting Tabor's application for relief under the Convention Against Torture. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED